IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CATHERINE BISHOP-TEMPLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 14-4050-JAR |
| | ) |
| DEBORAH STARR and ERVIN H. JOHNSON, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Plaintiff Catherine Bishop-Temple filed this action alleging that Defendants Deborah Starr and Ervin H. Johnson conspired together in a scheme to defraud Plaintiff of approximately $420,000. She alleges Kansas state tort claims of conspiracy, negligence, and conversion, and a claim of unjust enrichment. Before the Court is Plaintiff's Motion for Default Judgment against Defendant Deborah Starr (Doc. 5). As described more fully below, the Clerk shall enter default against Defendant Starr, however, Plaintiff's motion for default judgment is denied without prejudice.

The Complaint in this matter was filed on June 17, 2014. Defendant Starr was personally served on June 18, 2014. A defendant shall serve an answer within twenty-one days after service of the Complaint.[1] Defendant has failed to file or serve an answer or otherwise respond. When a party fails to plead or otherwise defend, and that fact is made to appear by affidavit or

---

[1] Fed. R. Civ. P. 12(a)(1).

1

otherwise, default must be entered against that party.[2]

The Tenth Circuit has made clear however that "consistent damage awards on the same claim are essential among joint and several tortfeasors."[3]  In a case with multiple defendants, "judgment should not be entered against a defaulting defendant before the case has been decided on the merits as to the remaining defendants."[4]  The Complaint asserts claims for relief against joint tortfeasors, and the remaining defendant's answer deadline has not yet expired.  Therefore, the motion for default judgment is premature.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Default Judgment against Defendant Deborah Starr (Doc. 5) is **denied without prejudice**.  The Clerk is directed to enter default against Defendant Starr.  Upon adjudication of the claim against the remaining defendant in this case, Plaintiff may refile her motion for default judgment and request a damages hearing.

**IT IS SO ORDERED.**

Dated: <u>August 1, 2014</u>

                                          S/ Julie A. Robinson

                                          JULIE A. ROBINSON

                                          UNITED STATES DISTRICT JUDGE

---

[2] Fed. R. Civ. P. 55(a).

[3] *Hunt v. Inter-Globe Energy, Inc.*, 770 F.2d 145, 147 (10th Cir. 1985); *see Frow v. De La Vega*, 82 U.S. 552, 554 (1872).

[4] *Wilcox v. Raintree Inns of Am., Inc.*, 76 F.3d 934 (Table), 1996 WL 48857, at *2 (10th Cir. Feb. 2, 1996) (discussing *Frow*, 82 U.S. at 554) (explaining that the rule applies when the defendants are jointly and severally liable and where multiple defendants have closely related defenses).